**UNION BARGE LINE CORPORATION**

v.

**UNITED RENTAL EQUIPMENT CO., INC.**

Civ. No. 73–424–K.

United States District Court,
D. Maryland.

June 24, 1974.

Francis J. Ford, Rockville, Md., Peter A. Greene, Washington, D. C., and Mac-Leay, Lynch, Bernhard & Gregg, Rockville, Md., for plaintiff.

Samuel E. Proctor, Jr., Baltimore, Md., for defendant.

FRANK A. KAUFMAN, District Judge.

This litigation arises out of a contract between a shipper and a carrier (a barge line). The latter, as plaintiff, seeks the unpaid balance of the tariff and the shipper, the defendant, originally contending that the carrier used a different, more expensive barge than the shipper had contracted for, counterclaims for the difference between the amount it as the shipper has paid and the applicable tariff originally quoted to it by the carrier for demurrage and the cost of dismantling and unloading at destination. Plaintiff bases its claim on 49 U.S.C. §§ 906(c), 908(f)(1)(A). Jurisdiction exists pursuant to 28 U.S.C. § 1337.

After plaintiff quoted defendant a tariff of $3096 for a hopper barge, defendant agreed to have the plaintiff carrier ship defendant's crane from Calvert City, Kentucky to Harvey, Louisiana. Plaintiff, the carrier, shipped the crane by flush deck barge, and after delivery in Louisiana, issued a freight bill to defendant for $9288. Subsequently, the plaintiff carrier withdrew that bill and re-billed the defendant for $6687, the actual tariff for carriage and demurrage by flush deck barge. After defendant paid $3741,[1] plaintiff instituted this suit for the balance.

Originally defendant contended that it had requested shipping by hopper barge rather than flush deck barge. If the plaintiff carrier had provided service other than that contracted for, it is possible that plaintiff could not collect for the additional tariff. *See* Chicago & E. Ill. R. Co. v. Midwest Homes, Inc., 371 F.2d 300 (7th Cir. 1967); Baker v. Prolerized Chicago Corp., 335 F.Supp. 183 (N.D.Ill.1971). However, defendant now concedes that no switching of the type of service contracted for took place.

Shippers are liable for the published tariff for services actually provided by the common carrier, regardless of whether or not the carrier misquoted the price. Louisville & N. R. R. v. Maxwell, 237 U.S. 94, 97, 35 S.Ct. 494, 59 L.Ed. 853 (1914); Miller v. Ideal Cement Co., 214 F.Supp. 717 (D.Wyo.1963). Accord-

---

1. The record does not disclose why defendant paid that particular amount.

ingly, plaintiff's motion for summary judgment is granted for its claim.

Defendant's counterclaim seeks damages based on the substitution of service. Since it is now conceded that no substitution took place, plaintiff's motion for summary judgment on defendant's counterclaim is also granted.

Judgment for the plaintiff in the amount of $2946.00 will be entered.

